**Ex parte Steven L. DIETZMAN.**

**No. 71052.**

Court of Criminal Appeals of Texas, En Banc.

May 9, 1990.

306

Steven L. Dietzman, pro se.

Robert Huttash, State's Atty., Austin, for State.

## OPINION

PER CURIAM.

This is an application for a writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P. Applicant was convicted of burglary of a habitation and sentenced to 20 years imprisonment. The conviction was affirmed on appeal. *Dietzman v. State,* 613 S.W.2d 300 (1981).

Applicant contends that he is entitled to an out-of-time appeal because he received ineffective assistance on appeal. The Court of Appeals held that in the first 16 grounds of error raised on appeal, applicant challenged admissibility of a written and oral confession. At the motion to suppress hearing, the court considered testimony given in a habeas corpus hearing by another State's witness who was not present in court. Counsel failed to designate that testimony for inclusion in the record so the Court of Appeals held nothing was presented for review.

In two other grounds, applicant complained of improper questions but failed to designate where in the record the questions appeared. In three grounds relating to denial of a continuance based on absence of a witness, nothing was presented for review where applicant failed to show what the witness' testimony would have been. In two other grounds, applicant's objection on appeal differed from that presented at trial so error was not preserved. Of at least 27 grounds of error, this Court was unable to review 23 grounds because appellate counsel, Ross Teter, failed to properly present the grounds or conform to common appellate rules.

In his writ application, applicant contends that he is entitled to an out-of-time appeal because counsel on appeal was ineffective. Under *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), and *Ward v. State,* 740 S.W.2d 794 (Tex.Cr. App.1987), applicant notes that he is entitled to effective assistance of counsel on appeal. Given counsel's performance and this Court's opinion, applicant is in no better position than if he had no counsel at all, and he claims the appeal was rendered a "meaningless ritual" because of counsel's deficiencies.

Counsel Teter has responded to applicant's claims. He states that he failed to properly designate the record because the local rules placed that responsibility on the clerks and court reporters (even though the record sought was from a different proceeding). He did not cite to the record because he assumed the Court of Criminal Appeals would read the record. He did not perfect a bill of exception for the missing witness because he had no idea what the witness would say. Teter did not recall why the objections on appeal differed from those raised at trial. Teter concluded that applicant did not receive a meaningful appeal.

The trial court entered findings of fact and conclusions of law. The court found that a review of the records showed that applicant's attorney exercised all the skill and expertise reasonably expected, and was not ineffective. The court concluded that

applicant was not deprived of effective assistance of counsel on appeal and was therefore not entitled to an out-of-time appeal.

We find that the trial court's conclusions are not supported by the record. Counsel's responses to applicant's contentions do not sufficiently address the inadequate representation on appeal, and actually support applicant's claim that counsel was ineffective.

Applicant is entitled to an out-of-time appeal from his conviction in Cause Number F77–8336–I in the Criminal District Court Number 2 of Dallas County, Texas. Applicant should be returned to the point in time at which he can give written notice of appeal so that he may then, with aid of counsel, appointed if necessary, obtain a meaningful appeal.

Copies of this opinion will be sent to the Texas Department of Corrections and the Texas Board of Pardons and Paroles.