Ex parte Steven L. **DIETZMAN**.

No. 71579.

Court of Criminal Appeals of Texas.

April 14, 1993.

Randy Schaffer, Houston, for appellant.

John Vance, Dist. Atty. and Teresa Tolle, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is an application for a writ of habeas corpus transmitted to this Court pursuant to Article 11.07, § 2, *et seq.*, V.A.C.C.P. Applicant was convicted of attempted capital murder and unlawfully carrying a weapon on licensed premises. Punishment, enhanced in both cases, was assessed at confinement for seventy-five years in the attempted capital murder case and fifty years for the weapons charge. Both were affirmed. *Dietzman v. State*, Nos. 05–87–00706–CR and 05–87–00707–CR (Tex. App.—Dallas, delivered August 8, 1988). Both indictments alleged a 1978 burglary conviction, cause number F77–8336–LI from the Criminal District Court No. 2 of Dallas County, as the second enhancement paragraph. At trial for the primary offenses Applicant moved to strike the second enhancement paragraphs due to ineffective assistance of counsel both at his trial for the burglary and on appeal therefrom. The objections were overruled. The jury found the enhancement allegations to be true in each case and sentenced Applicant accordingly. Subsequently, Applicant filed an application for a writ of habeas corpus attacking the 1978 burglary conviction alleging that he was accorded ineffective assistance of counsel. We agreed and granted relief in the form of an out-of-time appeal. *Ex parte Dietzman*, 790 S.W.2d 305 (Tex.Cr.App.1990). The Court of Appeals then reversed the 1978 burglary conviction because a portion of the statement of facts had been destroyed subsequent to the trial and thus Applicant could not be accorded a meaningful appeal. *Dietzman v. State*, No. 05–90–01308–CR 1991 WL 117048 (Tex.App.—Dallas, delivered June 28, 1991). We filed and set the instant application to determine the effect on the two primary offenses, if any, of the setting aside of the 1978 burglary conviction.

In *Hill v. State*, 633 S.W.2d 520 (Tex.Cr. App.1982) (opinion on motion for rehearing), the defendant alleged his 1963 burglary conviction used to enhance his punishment was infirm in that he had been without counsel and was indigent at the time of his sentencing. He concurrently filed an application for a writ of habeas corpus attacking that prior conviction. The trial court from the previous conviction found that Hill had not been represented by counsel at sentencing in 1963, and recommended that he be resentenced. We originally reversed the primary conviction because the conviction used to enhance punishment was invalid, however, on rehearing, we noted the lack of objection when the infirm conviction was used to enhance punishment, notwithstanding the plea of not true, and wrote:

> Therefore, we hold that the failure to object at trial to the introduction of proof of a [sic] allegedly infirm prior conviction precludes a defendant from thereafter attacking a conviction that utilized the prior conviction. If an objection is timely lodged on proper grounds, the trial court can finally determine, at trial, whether the prior conviction was permissibly obtained and whether it is admissible as evidence.

*Id.*, at 525. Accordingly, the judgment was affirmed.

■ In the case at bar the conviction, while infirm due to ineffectiveness of counsel, was facially still available for such use. But here the infirmity was called to the attention of the trial court. Applicant objected on the grounds of ineffective assistance of counsel at the prior burglary conviction and offered into evidence in support of his objection the statement of facts, the transcript and his brief from the prior conviction along with a copy of this Court's opinion affirming the conviction. The trial court overruled his objection and denied his motion to strike the enhancement paragraphs.

■ A conviction had with the attorney rendering ineffective assistance is constitutionally infirm. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80

L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53 (Tex.Cr.App.1986). Since we previously found Applicant's first appeal from his 1978 burglary conviction to be suffused with ineffective assistance of counsel, *Ex parte Dietzman*, 790 S.W.2d at 307, we necessarily found error of constitutional dimension. As noted, the conviction was later reversed pursuant to the out-of-time appeal. Accordingly, the conviction would not be available to enhance Applicant's punishment provided the error was raised in the trial court. *Hill v. State*, supra. Since the error was brought to the attention of the trial court in a timely manner, thus preserving it for review, we find that Applicant's punishment was improperly enhanced and that the punishment assessed must be set aside in each case.

Accordingly, relief is granted and cause numbers 05–87–00706–CR and 05–87–00707–CR are remanded to the trial court for a new punishment hearing without regard to the 1978 burglary conviction.