**Ex Parte Donnell Earl COY, Appellant.**

**No. 72191.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 15, 1995.

Donnell Earl Coy, Huntsville, appellant pro se.

Pat Batchelor, Corisicana, and Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION*

PER CURIAM.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. A jury convicted Applicant of robbery and assessed punishment at sixty years confinement. The conviction was affirmed on appeal. *Coy v. State,* 879 S.W.2d 960 (Tex.App.—Waco 1994, no pet.).

Applicant alleges he was denied his due process right to effective assistance of counsel on appeal, relying on *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The sole point of error on appeal challenged the sufficiency of the evidence to support a conclusion that the applicant placed the victim of the robbery in fear of

6. Tex.Code Crim.Proc.Ann. art. 44.251 & 44.29(c).

imminent bodily injury. The offense occurred in a convenience store and was recorded on the store's surveillance camera. The jury viewed the videotape of the incident after it was introduced into evidence by the State. However, the videotape was not included in the record before the Court of Appeals, and neither was Applicant's designation of the record. The Court of Appeals held that without the videotape, the Court was unable to determine the merits of Applicant's sufficiency claim.

Appellate counsel has filed an affidavit in response to the allegations of Applicant. Counsel states that after researching potential points of error, the only ground counsel believed might merit review was the sufficiency of the evidence to support the conviction. Counsel states that after she received the opinion of the Court of Appeals she realized that the exhibits had not been forwarded by the court reporter. Counsel states that in her experience in Navarro County the court reporter has forwarded the exhibits without any designation of the record being filed.

The trial court has submitted findings of fact and conclusions of law. The trial court finds that the videotape was not forwarded to the Court of Appeals. However, the trial court concludes that the "admission of the videotape could not provide the appellate court any new information to consider when making a determination on Applicant's ground of error on appeal." We find the trial court's conclusions are not supported by the record.

 The Rules of Appellate Procedure provide that it is counsel's affirmative duty to see that a sufficient record is presented to the appellate court to show error requiring reversal. Tex.R.App.Pro. 50(d). Clearly a videotape capturing the offense, which was viewed by the jury, would be relevant in a review of the sufficiency of the evidence to support a conviction for that offense.

 In *Evitts v. Lucey,* the Supreme Court held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel on appeal. In *Evitts,* appellate counsel's failure to submit a statement of facts to the Kentucky Court of Appeals as required by the rules of appellate procedure in that state constituted ineffective assistance of counsel on appeal because it waived the defendant's opportunity for appellate review of the merits of his claim. In this regard, Applicant's situation and that in *Evitts* are factually similar. The failure of counsel in this instance to comply with a procedural rule operated to deny Applicant an opportunity for meaningful appellate review of the sufficiency of the evidence. See also, *Ex parte Dietzman,* 790 S.W.2d 305 (Tex.Cr.App.1990). We hold that Applicant has been denied his due process right to effective assistance of counsel on appeal in violation of his Fourteenth Amendment due process rights under the Federal Constitution, and Art. I, § 10 of the Texas Constitution.

Therefore, Applicant is entitled to an out-of-time appeal from his conviction in Cause Number 24,881–CR in the 13th Judicial District Court of Navarro County, Texas. Applicant should be returned to the point in time at which he can give notice of appeal so that he may then, with aid of counsel, obtain a meaningful appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the sentence had been imposed in open court on the day the mandate issues from this Court.

McCORMICK, P.J. and WHITE, J., dissent.

MANSFIELD, J., concurs in the result.