NO. 07-03-0436-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 19, 2004


______________________________




RICARDO DWAYNE GOMEZ, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 8,543-B; HON. JOHN B. BOARD, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Ricardo Dwayne Gomez appeals his conviction for driving while
intoxicated. Pursuant to a plea bargain, appellant entered a plea of guilty to the charge,
and the trial court assessed punishment at five years in prison. However, the sentence
was suspended and appellant was placed on three years community supervision. The trial
court eventually revoked appellant's probation, upon motion by the State, and sentenced
him to five years imprisonment. Appellant timely noticed his appeal, and counsel was
appointed. The latter moved to withdraw after filing a brief pursuant to Anders v. California,
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that she had
searched the record and found no arguable grounds for reversal. The motion and brief
illustrated that appellant was informed of his rights to review the appellate record and file
his own brief. So too did we inform appellant that any brief he cared to file had to be filed
by March 11, 2004. To date, appellant has filed no pro se response or brief. Nor has he
moved for an extension of time to file same. 

 After conducting an independent review of the record, we find no reversible error. 
Appellant informed the court via the plea admonishment papers he signed that he was 1)
properly indicted, 2) represented by legal counsel, and 3) mentally competent when
entering his plea. Furthermore, the punishment levied was within the range provided by
statute. And, because no appeal was taken within 30 days from the date of appellant's
initial conviction, we have no jurisdiction over purported error arising at or before his
original plea hearing. Manuel v. State, 994 S.W.2d 658, 661 ( Tex. Crim. App. 1999). 

 Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial
court is affirmed. 


 Brian Quinn 

 Justice 


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 



Exception Locked="false" Priority="9" QFormat="true" Name="heading 8"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00262-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



AUGUST
6, 2010

 



 

BRET ALAN AVERY, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 19,996-C; HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Bret Alan Avery, appeals
his conviction by jury for the offense of possession of a controlled substance
in a drug-free zone,[1]
and sentence, enhanced by final conviction of a prior felony,[2]
of seventeen years incarceration in the Institutional Division of the Texas
Department of Criminal Justice.  We
affirm.

            Appellants
sole issue on appeal contends that the final felony conviction used to enhance
his sentence was void and, therefore, its use was precluded to enhance his
punishment.  As such, we will limit our
discussion of the facts to those relevant to the issue raised by appellant.  

            Following
the jurys verdict finding appellant guilty of possession of a controlled
substance in a drug-free zone, the case proceeded to punishment.  Appellant pled true to the allegation of the
prior final felony conviction contained in the indictment.  The State introduced a 2006 judgment convicting
appellant of possession of a controlled substance with intent to deliver.  This judgment indicates that the offense for
which appellant was convicted was a first-degree felony, yet it also indicates
that he was sentenced to serve two years incarceration
in the Institutional Division of the Texas Department of Criminal Justice.  When this judgment was offered into evidence,
appellant affirmatively stated that he had no objection.  

            On
appeal, appellant contends that the two year sentence in the 2006 judgment
falls below the minimum sentence allowed for a first-degree felony and,
therefore, is an illegal sentence that makes the entire judgment void and
unavailable to enhance his present conviction. 
See Tex. Penal Code Ann.
§ 12.32(a) (Vernon Supp. 2009) (punishment range for first-degree felony is
five to ninety-nine years, or life). 
Appellant correctly contends that It is now axiomatic that the
punishment assessed must always be within the minimum and maximum fixed by
law.  Wilson v.
State, 677 S.W.2d 518, 524 (Tex.Crim.App. 1984).  The only authority cited by appellant in
support of his position is Wilson.

            However,
by failing to object to the alleged infirmity of the prior conviction used to
enhance the sentence at the time of trial, appellant has waived the issue.  

The failure to object at trial to the introduction of proof of a[n]
allegedly infirm prior conviction precludes a defendant from thereafter
attacking a conviction that utilized the prior conviction.  If an objection is timely lodged on proper
grounds, the trial court can finally determine, at trial, whether the prior
conviction was permissibly obtained and whether it is admissible as evidence.

 

Hill v. State, 633 S.W.2d 520, 525 (Tex.Crim.App. 1981); see also Spivey v. State,
No. 05-09-00300-CR, 2010 Tex.App. LEXIS
3133, at *14-*15 (Tex.App.--Dallas Apr. 29, 2010, no
pet. h.) (Failure to object to the admission of prior convictions
waives the right to collaterally attack the conviction on appeal.).  While the sentence imposed in Wilson
was reversed because it was enhanced by an illegal sentence that was less than
the minimum allowed by statute, the appellant in Wilson raised this
issue in the trial court.  See Wilson,
677 S.W.2d at 520. 
The duty to preserve an appellate issue regarding the validity of a
prior conviction used to enhance a present sentence has continued to be upheld
by the Texas Court of Criminal Appeals.  See
Ex parte Dietzman, 851 S.W.2d 304, 306 (Tex.Crim.App. 1993) (prior conviction found to have been
void would not be available to enhance Applicants punishment provided the
error was raised in the trial court); Fullbright
v. State, 818 S.W.2d 808, 809 (Tex.Crim.App.
1991) (objection by defendant at trial preserved appellate complaint of void
enhancement conviction).

 

            Because appellants sole issue was not raised in the
trial court, the issue has been waived and, therefore, presents nothing for our
review.  See Hill, 633 S.W.2d at 525. 
Consequently, we affirm the judgment of the trial court.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.  

 











[1] See Tex. Health & Safety Code Ann. §§
481.115(a), (b), 481.134 (Vernon 2010).

 





[2] See Tex. Pen. Code Ann.
§ 12.42(a)(3) (Vernon Supp. 2009).