

NUMBER 13-09-221-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

---

DAVID HERRERA BARRERA,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                       Appellee.

---

On appeal from the 377th District Court
of Victoria County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Vela

Appellant, David Herrera Barrera, was indicted for aggravated assault against a public servant, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B) (Vernon Supp. 2009). Pursuant to a plea agreement, appellant pleaded guilty to the offense, and the State recommended a punishment of seven years' deferred-adjudication community

supervision, a $2,000 fine, 300 hours of community service, and evaluation for drugs and alcohol. The trial court followed the parties' plea agreement and assessed the recommended punishment.

On February 2, 2009, the State filed a motion to adjudicate guilt, alleging that appellant 1) committed the offenses of criminal mischief and driving with an invalid license, 2) failed to report the commission of these offenses to his community-supervision officer, 3) failed to abstain from the use of any substance capable of or calculated to cause intoxication, 4) failed to receive permission from his community-supervision officer before leaving the county of his approved residence, 5) failed to report to his community-supervision officer from February 2008 through November 2008, 6) failed to abide by a curfew, 7) failed to pay his fine, court costs, and supervisory fees, 8) failed to complete community-service restitution, 9) failed to pay $5 to the local crime-stoppers program, and 10) failed to enroll in the Aggression Control Program. During the hearing on this motion, appellant pleaded "True" to the allegations that he committed the offenses of criminal mischief and driving with an invalid license, and he pleaded "Not true" to the remaining allegations. After hearing testimony, the trial court found some of the allegations to be true, adjudicated appellant guilty of the offense of aggravated assault against a public servant, and assessed punishment at twenty years' imprisonment, plus a $2,000 fine.

In two issues, appellant complains he was denied his right to due process and that he received ineffective assistance of counsel. We affirm.

## I. DISCUSSION

### A. Right to Due Process

In issue one, appellant complains he was denied his constitutional right to due process of law because "'the legal sufficiency of evidence for conviction on Aggravated

Assault Against a Public Servant and deadly weapon finding were never challenged' by his trial counsel." We interpret this issue as a complaint that appellant has been denied his due-process right to effective assistance of counsel on appeal in violation of his Fourteenth Amendment due-process rights under the United States Constitution. *See* U.S. CONST. amend. XIV.

## 1. Applicable Law

In *Evitts v. Lucey*, the Supreme Court held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees a defendant the effective assistance of counsel on appeal. 469 U.S. 387, 392 (1985); *Ex parte Coy*, 909 S.W.2d 927, 928 (Tex. Crim. App. 1995). We must apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), in judging claims of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Evitts*, 469 U.S. at 392.

*Strickland* requires the defendant to show both that counsel's performance was deficient and that this deficient performance prejudiced the defense. 466 U.S. at 687. In the appellate arena, the defendant must first show that his or her counsel was objectively unreasonable, for example, in failing to raise arguable issues on appeal. *Robbins*, 528 U.S. at 285. If the defendant succeeds in this instance, he or she must then demonstrate prejudice to his or her defense. *Id*. In other words, the defendant must show a reasonable probability that, but for counsel's failure, he or she would have prevailed on appeal. *Id*. at 285-86 (quoting *Strickland*, 466 U.S. at 694 ("defendant must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'")). A defendant overcomes the presumption of effective assistance of counsel when the ignored issues are clearly stronger than those presented by the counsel on appeal. *Id*. at 288.

Concerning whether counsel was deficient for failing to challenge the sufficiency of the evidence, the United States Constitution does not require the State to present evidence in support of a guilty plea in Texas courts. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Article 1.15 of the code of criminal procedure constitutes "an additional procedural safeguard required by the State of Texas but not by federal constitutional law." *Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986). In Texas, "[n]o trial court is authorized to render a conviction in a felony case, consistent with Article 1.15, based upon a plea of guilty 'without sufficient evidence to support the same.'" *Menefee*, 287 S.W.3d at 13; *see* TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005).

With respect to the form of evidence required by article 1.15, the court of criminal appeals has explained:

> Evidence offered in support of a guilty plea may take many forms. The statute expressly provides that the defendant may consent to the proffer of evidence in testimonial or documentary form, or to an oral or written stipulation of what the evidence against him would be, without necessarily admitting to its veracity or accuracy; and such a proffer or stipulation of evidence will suffice to support the guilty plea so long as it embraces every constituent element of the charged offense. Alternatively, our case law has recognized that the defendant may enter a sworn written statement, or may testify under oath in open court, specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct; and again, so long as such a judicial confession covers all of the elements of the charged offense, it will suffice to support the guilty plea.

*Menefee*, 287 S.W.3d at 13 (footnote omitted).

**2. Analysis**

A person commits the offense of aggravated assault against a public servant when: (1) he or she; (2) intentionally or knowingly threatens another with imminent bodily injury; (3) using or exhibiting a deadly weapon during the commission of the offense; and (4) the offense is committed against a person the actor knows is a public servant while the public

4

servant is lawfully discharging an official duty. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(2), 22.02(a)(2), 22.02(b)(2)(B) (Vernon Supp. 2009). In this case, count one of the indictment alleged, in relevant part, that appellant

> did then and there intentionally or knowingly threaten GREGORY LOTER with imminent bodily injury by charging at the said GREGORY LOTER with a knife, and did then and there use or exhibit a deadly weapon, to-wit: a knife that in the manner of its use or intended use was capable of causing death or serious bodily injury, during the commission of said assault, and the defendant did then and there know that the said GREGORY LOTER was then and there a public servant, to-wit: a Victoria Police Department officer, and that the said GREGORY LOTER was then and there lawfully discharging an official duty, to-wit: investigating or responding to an emergency call . . . .

(emphasis in original).

At the hearing in which appellant pleaded guilty to the offense of aggravated assault against a public servant, the State did not introduce either a written stipulation of evidence or a written judicial confession. However, we note that during that hearing, the following exchange occurred between the prosecutor, defense counsel, and appellant:

> Prosecutor:     Mr. Barrera [appellant], if Justin Knippa, of the Victoria Police Department, were called as a witness he would be sworn in and would testify that on or about May 26, 2007, in the County of Victoria and State of Texas, you, David Herrera Barrera, did then and there intentionally or knowingly threaten Gregory Loter with imminent bodily injury by charging the said Gregory Loter with a knife, and you did use or exhibit a deadly weapon, that knife, that in the manner of its use or intended use was capable of causing death or serious bodily injury, during the commission of said assault, and that you did then and there know that Gregory Loter was then and there a public servant, to-wit: a Victoria Police Department Officer, and that you were then—that the said Gregory Loter was then and there lawfully discharging an official duty, to-wit: investigating or responding to an emergency call?
>
> Appellant:     Yes, sir.

5

| | |
|---|---|
| Prosecutor: | Do you so agree and stipulate? |
| Appellant: | Yes, sir. |
| Defense Counsel: | I join in that. |
| Prosecutor: | And, finally, do you agree that the acts and allegations contained in count one[1] of the State's indictment is true and correct? |
| Appellant: | Yes, sir. |
| Defense Counsel: | I join in that. |

Here, appellant consented to an oral stipulation of what the evidence against him would be. This is a permissible form of evidence to support a plea of guilty. *See Menefee*, 287 S.W.3d at 13. This oral stipulation of evidence embraced every constituent element of the charged offense and is, therefore, sufficient to support the guilty plea. *See id.* Furthermore, appellant acknowledged generally that the allegations against him were in fact true and correct.

Because the evidence is sufficient to support the guilty plea, trial counsel was not deficient in failing to raise this issue on appeal or in a J.N.O.V. Accordingly, appellant has failed to satisfy the first prong required by *Strickland* and, therefore, cannot establish ineffective assistance of counsel on appeal.

By this same issue, appellant argues that his guilty plea "was not voluntary and was made under duress after his appointed counsel told him that he would be found 'guilty' if he were to go to trial." However, nothing in the record shows that his trial counsel told appellant he would be convicted if he elected to have his case tried to a judge or jury. "Any allegation of ineffectiveness must be firmly founded in the record and the record must

---

[1]Count one is the offense that appellant pleaded guilty to–aggravated assault against a public servant.

affirmatively demonstrate the alleged ineffectiveness." *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Issue one is overruled.

## 2. Ineffective Assistance of Counsel

In issue two, appellant argues he received ineffective assistance of counsel because but for the "defective plea," which originally placed him on community supervision, the revocation hearing would be rendered moot. Therefore, according to appellant, this Court should set aside the trial court's decision to revoke his community supervision. Appellant offers no argument or authorities regarding why he thinks his guilty plea was "defective." This issue is thus inadequately briefed, and therefore, waived. *See* TEX. R. APP. P. 38.1(i); *see also Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005). Issue two is overruled.

## II. CONCLUSION

We affirm the trial court's judgment.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 22nd
day of April, 2010.