NUMBER 13-09-221-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DAVID HERRERA BARRERA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 377th District Court 

of Victoria County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Vela



 Appellant, David Herrera Barrera, was indicted for aggravated assault against a
public servant, a first-degree felony. See Tex. Penal Code Ann. § 22.02(b)(2)(B) (Vernon
Supp. 2009). Pursuant to a plea agreement, appellant pleaded guilty to the offense, and
the State recommended a punishment of seven years' deferred-adjudication community
supervision, a $2,000 fine, 300 hours of community service, and evaluation for drugs and
alcohol. The trial court followed the parties' plea agreement and assessed the
recommended punishment.

 On February 2, 2009, the State filed a motion to adjudicate guilt, alleging that
appellant 1) committed the offenses of criminal mischief and driving with an invalid license,
2) failed to report the commission of these offenses to his community-supervision officer,
3) failed to abstain from the use of any substance capable of or calculated to cause
intoxication, 4) failed to receive permission from his community-supervision officer before
leaving the county of his approved residence, 5) failed to report to his community-supervision officer from February 2008 through November 2008, 6) failed to abide by a
curfew, 7) failed to pay his fine, court costs, and supervisory fees, 8) failed to complete
community-service restitution, 9) failed to pay $5 to the local crime-stoppers program, and
10) failed to enroll in the Aggression Control Program. During the hearing on this motion,
appellant pleaded "True" to the allegations that he committed the offenses of criminal
mischief and driving with an invalid license, and he pleaded "Not true" to the remaining
allegations. After hearing testimony, the trial court found some of the allegations to be
true, adjudicated appellant guilty of the offense of aggravated assault against a public
servant, and assessed punishment at twenty years' imprisonment, plus a $2,000 fine.

 In two issues, appellant complains he was denied his right to due process and that
he received ineffective assistance of counsel. We affirm.

I. Discussion


A. Right to Due Process

 In issue one, appellant complains he was denied his constitutional right to due
process of law because "'the legal sufficiency of evidence for conviction on Aggravated
Assault Against a Public Servant and deadly weapon finding were never challenged' by his
trial counsel." We interpret this issue as a complaint that appellant has been denied his
due-process right to effective assistance of counsel on appeal in violation of his Fourteenth
Amendment due-process rights under the United States Constitution. See U.S. Const.
amend. XIV.

1. Applicable Law

 In Evitts v. Lucey, the Supreme Court held that the Due Process Clause of the
Fourteenth Amendment to the United States Constitution guarantees a defendant the
effective assistance of counsel on appeal. 469 U.S. 387, 392 (1985); Ex parte Coy, 909
S.W.2d 927, 928 (Tex. Crim. App. 1995). We must apply the standard set forth in
Strickland v. Washington, 466 U.S. 668 (1984), in judging claims of ineffective assistance
of appellate counsel. Smith v. Robbins, 528 U.S. 259, 285 (2000); Evitts, 469 U.S. at 392.

 Strickland requires the defendant to show both that counsel's performance was
deficient and that this deficient performance prejudiced the defense. 466 U.S. at 687. In
the appellate arena, the defendant must first show that his or her counsel was objectively
unreasonable, for example, in failing to raise arguable issues on appeal. Robbins, 528
U.S. at 285. If the defendant succeeds in this instance, he or she must then demonstrate
prejudice to his or her defense. Id. In other words, the defendant must show a reasonable
probability that, but for counsel's failure, he or she would have prevailed on appeal. Id. at
285-86 (quoting Strickland, 466 U.S. at 694 ("defendant must show 'a reasonable
probability that, but for counsel's unprofessional errors, the result of the proceeding would
have been different'")). A defendant overcomes the presumption of effective assistance
of counsel when the ignored issues are clearly stronger than those presented by the
counsel on appeal. Id. at 288. 

 Concerning whether counsel was deficient for failing to challenge the sufficiency of
the evidence, the United States Constitution does not require the State to present evidence
in support of a guilty plea in Texas courts. Menefee v. State, 287 S.W.3d 9, 13 (Tex. Crim.
App. 2009). Article 1.15 of the code of criminal procedure constitutes "an additional
procedural safeguard required by the State of Texas but not by federal constitutional law." 
Ex parte Williams, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986). In Texas, "[n]o trial court
is authorized to render a conviction in a felony case, consistent with Article 1.15, based
upon a plea of guilty 'without sufficient evidence to support the same.'" Menefee, 287
S.W.3d at 13; see Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005). 

 With respect to the form of evidence required by article 1.15, the court of criminal
appeals has explained:

 Evidence offered in support of a guilty plea may take many forms. The
statute expressly provides that the defendant may consent to the proffer of
evidence in testimonial or documentary form, or to an oral or written
stipulation of what the evidence against him would be, without necessarily
admitting to its veracity or accuracy; and such a proffer or stipulation of
evidence will suffice to support the guilty plea so long as it embraces every
constituent element of the charged offense. Alternatively, our case law has
recognized that the defendant may enter a sworn written statement, or may
testify under oath in open court, specifically admitting his culpability or at
least acknowledging generally that the allegations against him are in fact true
and correct; and again, so long as such a judicial confession covers all of the
elements of the charged offense, it will suffice to support the guilty plea.


Menefee, 287 S.W.3d at 13 (footnote omitted).

2. Analysis

 A person commits the offense of aggravated assault against a public servant when: 
(1) he or she; (2) intentionally or knowingly threatens another with imminent bodily injury;
(3) using or exhibiting a deadly weapon during the commission of the offense; and (4) the
offense is committed against a person the actor knows is a public servant while the public
servant is lawfully discharging an official duty. See Tex. Penal Code Ann. §§ 22.01(a)(2),
22.02(a)(2), 22.02(b)(2)(B) (Vernon Supp. 2009). In this case, count one of the indictment
alleged, in relevant part, that appellant

 did then and there intentionally or knowingly threaten GREGORY LOTER
with imminent bodily injury by charging at the said GREGORY LOTER with
a knife, and did then and there use or exhibit a deadly weapon, to-wit: a
knife that in the manner of its use or intended use was capable of causing
death or serious bodily injury, during the commission of said assault, and the
defendant did then and there know that the said GREGORY LOTER was
then and there a public servant, to-wit: a Victoria Police Department officer,
and that the said GREGORY LOTER was then and there lawfully discharging
an official duty, to-wit: investigating or responding to an emergency call . .
. .


(emphasis in original).

 At the hearing in which appellant pleaded guilty to the offense of aggravated assault
against a public servant, the State did not introduce either a written stipulation of evidence
or a written judicial confession. However, we note that during that hearing, the following
exchange occurred between the prosecutor, defense counsel, and appellant:

 Prosecutor: Mr. Barrera [appellant], if Justin Knippa, of the Victoria
Police Department, were called as a witness he would
be sworn in and would testify that on or about May 26,
2007, in the County of Victoria and State of Texas, you,
David Herrera Barrera, did then and there intentionally
or knowingly threaten Gregory Loter with imminent
bodily injury by charging the said Gregory Loter with a
knife, and you did use or exhibit a deadly weapon, that
knife, that in the manner of its use or intended use was
capable of causing death or serious bodily injury, during
the commission of said assault, and that you did then
and there know that Gregory Loter was then and there
a public servant, to-wit: a Victoria Police Department
Officer, and that you were then--that the said Gregory
Loter was then and there lawfully discharging an official
duty, to-wit: investigating or responding to an
emergency call?


 Appellant: Yes, sir.


 Prosecutor: Do you so agree and stipulate?


 Appellant: Yes, sir.


 Defense Counsel: I join in that.


 Prosecutor: And, finally, do you agree that the acts and allegations
contained in count one[ (1)] of the State's indictment is
true and correct?


 Appellant: Yes, sir.


 Defense Counsel: I join in that.


 Here, appellant consented to an oral stipulation of what the evidence against him
would be. This is a permissible form of evidence to support a plea of guilty. See Menefee,
287 S.W.3d at 13. This oral stipulation of evidence embraced every constituent element
of the charged offense and is, therefore, sufficient to support the guilty plea. See id. 
Furthermore, appellant acknowledged generally that the allegations against him were in
fact true and correct. 

 Because the evidence is sufficient to support the guilty plea, trial counsel was not
deficient in failing to raise this issue on appeal or in a J.N.O.V. Accordingly, appellant has
failed to satisfy the first prong required by Strickland and, therefore, cannot establish
ineffective assistance of counsel on appeal.

 By this same issue, appellant argues that his guilty plea "was not voluntary and was
made under duress after his appointed counsel told him that he would be found 'guilty' if
he were to go to trial." However, nothing in the record shows that his trial counsel told
appellant he would be convicted if he elected to have his case tried to a judge or jury. "Any
allegation of ineffectiveness must be firmly founded in the record and the record must
affirmatively demonstrate the alleged ineffectiveness." McFarland v. State, 928 S.W.2d
482, 500 (Tex. Crim. App. 1996). Issue one is overruled.

2. Ineffective Assistance of Counsel

 In issue two, appellant argues he received ineffective assistance of counsel because
but for the "defective plea," which originally placed him on community supervision, the
revocation hearing would be rendered moot. Therefore, according to appellant, this Court
should set aside the trial court's decision to revoke his community supervision. Appellant
offers no argument or authorities regarding why he thinks his guilty plea was "defective." 
This issue is thus inadequately briefed, and therefore, waived. See Tex. R. App. P. 38.1(i);
see also Russeau v. State, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005). Issue two is
overruled.

II. Conclusion


 We affirm the trial court's judgment.


 

 ROSE VELA 

 Justice



Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the 22nd

day of April, 2010.
1. Count one is the offense that appellant pleaded guilty to-aggravated assault against a public servant.