NO. 07-09-00262-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 6, 2010

BRET ALAN AVERY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19,996-C; HONORABLE ANA ESTEVEZ, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Bret Alan Avery, appeals his conviction by jury for the offense of possession of a controlled substance in a drug-free zone,[1] and sentence, enhanced by final conviction of a prior felony,[2] of seventeen years incarceration in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

---

[1] See TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(a), (b), 481.134 (Vernon 2010).

[2] See TEX. PEN. CODE ANN. § 12.42(a)(3) (Vernon Supp. 2009).

Appellant's sole issue on appeal contends that the final felony conviction used to enhance his sentence was void and, therefore, its use was precluded to enhance his punishment. As such, we will limit our discussion of the facts to those relevant to the issue raised by appellant.

Following the jury's verdict finding appellant guilty of possession of a controlled substance in a drug-free zone, the case proceeded to punishment. Appellant pled true to the allegation of the prior final felony conviction contained in the indictment. The State introduced a 2006 judgment convicting appellant of possession of a controlled substance with intent to deliver. This judgment indicates that the offense for which appellant was convicted was a first-degree felony, yet it also indicates that he was sentenced to serve two years incarceration in the Institutional Division of the Texas Department of Criminal Justice. When this judgment was offered into evidence, appellant affirmatively stated that he had "no objection."

On appeal, appellant contends that the two year sentence in the 2006 judgment falls below the minimum sentence allowed for a first-degree felony and, therefore, is an illegal sentence that makes the entire judgment void and unavailable to enhance his present conviction. See TEX. PENAL CODE ANN. § 12.32(a) (Vernon Supp. 2009) (punishment range for first-degree felony is five to ninety-nine years, or life). Appellant correctly contends that "It is now axiomatic that the punishment assessed must always be within the minimum and maximum fixed by law." Wilson v. State, 677 S.W.2d 518, 524 (Tex.Crim.App. 1984). The only authority cited by appellant in support of his position is Wilson.

2

However, by failing to object to the alleged infirmity of the prior conviction used to enhance the sentence at the time of trial, appellant has waived the issue.

> The failure to object at trial to the introduction of proof of a[n] allegedly infirm prior conviction precludes a defendant from thereafter attacking a conviction that utilized the prior conviction.  If an objection is timely lodged on proper grounds, the trial court can finally determine, at trial, whether the prior conviction was permissibly obtained and whether it is admissible as evidence.

Hill v. State, 633 S.W.2d 520, 525 (Tex.Crim.App. 1981); see also Spivey v. State, No. 05-09-00300-CR, 2010 Tex.App. LEXIS 3133, at *14-*15 (Tex.App.--Dallas Apr. 29, 2010, no pet. h.) ("Failure to object to the admission of prior convictions waives the right to collaterally attack the conviction on appeal.").  While the sentence imposed in Wilson was reversed because it was enhanced by an illegal sentence that was less than the minimum allowed by statute, the appellant in Wilson raised this issue in the trial court.  See Wilson, 677 S.W.2d at 520.  The duty to preserve an appellate issue regarding the validity of a prior conviction used to enhance a present sentence has continued to be upheld by the Texas Court of Criminal Appeals.  See Ex parte Dietzman, 851 S.W.2d 304, 306 (Tex.Crim.App. 1993) (prior conviction found to have been void "would not be available to enhance Applicant's punishment provided the error was raised in the trial court"); Fullbright v. State, 818 S.W.2d 808, 809 (Tex.Crim.App. 1991) (objection by defendant at trial preserved appellate complaint of void enhancement conviction).

Because appellant's sole issue was not raised in the trial court, the issue has been waived and, therefore, presents nothing for our review.  See Hill, 633 S.W.2d at 525.  Consequently, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.