

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00179-CR

---

CHANCE COPELAND, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2019-417,625, Honorable William R. Eichman II, Presiding

---

April 18, 2022

## ORDER ON ABATEMENT AND REMAND

### Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, Chance Copeland, was convicted of murder and sentenced to life in prison. He perfected an appeal and filed, on April 11, a pro se motion seeking appointment of new counsel. Allegedly, he is being denied the effective representation of counsel due to counsel's refusal to communicate and cooperate.

An appellant does not have the right to choose his appointed counsel. Nor does he have the right to control the management of the appeal. *See Ex parte Barbee,* 616 S.W.3d 836, 842 (Tex. Crim. App. 2021) (stating that "management is the attorney's

province"). Nevertheless, he has the right to effective representation on appeal, *Ex parte Coy*, 909 S.W.2d 927, 928 (Tex. Crim. App. 1995), though that does not obligate counsel to pursue frivolous claims or even every non-frivolous one. *Ex parte Estrella*, No. 08-11-00377-CR, 2014 Tex. App. LEXIS 2776, at *11 (Tex. App.—El Paso Mar. 12, 2014, no pet.) (mem. op., not designated for publication). Furthermore, the determination of whether adequate reason exists for the discharge of existing and appointment of new counsel rests within the sound discretion of the trial court. *Carroll v. State*, 176 S.W.3d 249, 255 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). While this Court may permit an attorney to withdraw, it lacks the authority to appoint substitute counsel on appeal. That authority lies with the trial court, even after the appellate record has been filed. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d); *see also Watson v. State*, No. 07-06-0414-CR, 2007 Tex. App. LEXIS 811, at *4 (Tex. App.—Amarillo Feb. 2, 2007, order) (per curiam) (not designated for publication).

When substitute counsel may be appropriate due to the potentially ineffective assistance being afforded by existing counsel, abatement of the appeal and remand to the trial court is the proper course of action. It can then conduct the requisite factual inquiry to assess the legitimacy of the appellant's complaint and appoint new counsel if necessary. Thus, we refrain from passing on the merits of Copeland's pro se motion and abate the appeal and remand the cause to the trial court for further proceedings.

On remand, the trial court shall utilize those measures and procedures it deems reasonably necessary to make the following findings and conclusions:

    (1)    whether Copeland desires to pursue his appeal;

(2)   if so, whether Copeland is indigent and, thus, entitled to appointed counsel on appeal; and

(3)   if so, whether present counsel has denied Copeland reasonably effective assistance.

The trial court shall file with this Court findings answering the foregoing subjects and cause same to be included in a supplemental clerk's record. If the trial court determines that appellant has been denied the effective assistance of counsel and is entitled to new appointed counsel, it shall remove existing and appoint substitute counsel. The name, phone number, address, and state bar number of any newly appointed counsel shall be included in the supplemental record. The trial court shall further cause the supplemental clerk's record to be filed with the Clerk of this Court on or before May 18, 2022.

It is so ordered.

Per Curiam

Do not publish.