

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00004-CR

## IN RE TREY DAVIS

### Original Proceeding

## MEMORANDUM  OPINION

The trial court denied a motion for judgment nunc pro tunc filed by Trey Davis which sought the entry of a judgment that reflected the oral pronouncement of his sentence relating to the order his consecutive sentences would be served.  Davis pled guilty to robbery and burglary of a habitation with the intent to commit aggravated assault.  The plea agreement stipulated that the twenty-year sentence on each were to be served consecutively, with the burglary conviction to be served prior to the robbery conviction.  In its oral pronouncement of sentence, the trial court stated that the robbery sentence would be served prior to the burglary sentence.  However, in the written judgments, the trial court ordered that the burglary sentence would be served prior to the robbery sentence.  Davis filed a motion for judgment nunc pro tunc with the trial court, which the trial court denied.  Davis has filed a petition for writ of mandamus to

compel the trial court to grant the motion for judgment nunc pro tunc and enter a judgment in accord with its oral pronouncement. We will conditionally grant the writ.

*Availability of Mandamus*

To obtain mandamus relief in a criminal matter, the relator must establish that the act sought to be compelled is ministerial rather than discretionary in nature and that there is no other adequate remedy at law. *Dickens v. Second Court of Appeals*, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). A trial court's failure to issue a nunc pro tunc order to correct a wrongly executed ministerial duty is correctable by writ of mandamus. *Ex parte Ybarra*, 149 S.W.3d 147, 149 (Tex. Crim. App. 2004); *see also Castor v. State*, 205 S.W.3d 666, 667 (Tex. App.—Waco 2006, no pet.) (denial of motion for judgment nunc pro tunc is not appealable order). We find that mandamus relief is available to Davis.

*Oral Pronouncement versus Written Judgment*

It is mandatory that in a case such as this, a defendant's sentence must be pronounced orally in his presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West 2006); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement. TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1; *Taylor*, 131 S.W.3d at 500; *Madding*, 70 S.W.3d at 135. When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500; *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *Madding*, 70 S.W.3d at 135; *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). The rationale for this

rule is that the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. *Madding*, 70 S.W.3d at 135. Once he leaves the courtroom, the defendant begins serving the sentence imposed. *Id*. Thus, "it is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." *Id*., *quoting Coffey*, 979 S.W.2d at 328.

*Judgment Nunc Pro Tunc*

A judgment nunc pro tunc is appropriate to correct clerical errors when the trial court's records do not mirror the judgment actually rendered. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). A nunc pro tunc order is not appropriate to correct judicial errors or omissions, however. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988) (en banc). Before a judgment nunc pro tunc may be entered, there must be proof that the proposed judgment was actually rendered or pronounced at an earlier time. *Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984).

*Analysis*

Davis has provided a copy of the transcript from his plea hearing before the trial court where the trial court clearly stated that the robbery sentence would be served prior to the burglary sentence. Neither Davis nor the State objected. We sought a response to Davis's petition; however, the State did not respond. Based on the record before us, there is no question that the written judgment does not reflect the oral rendition. As such, the trial court's denial of the motion for judgment nunc pro tunc was erroneous. We sustain Davis's issue.

*Conclusion*

We conditionally grant Davis's mandamus petition. A writ will issue only if Respondent fails to withdraw his order denying Davis's motion for judgment nunc pro tunc and fails to enter a judgment granting his motion within fourteen days after the date of this opinion.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Writ Conditionally Granted
Opinion delivered and filed March 16, 2011
Do not publish
[OT06]