568

## HICKEY v. HICKEY.
### No. 2595.

Court of Civil Appeals of Texas. Eastland
June 13, 1947.

Bishop & Stockdale, of Fort Worth, for appellant.

G. H. Williamson, of Stephenville, for appellee.

LONG, Justice.

Ona Belle Hickey was granted a divorce from W. C. Hickey on the 15th day of March, 1946, and the custody of their minor child, Elnora Hickey, was awarded her. On the 12th day of November, 1946, W. C. Hickey filed in the same cause what he termed a "motion to reform the judgment", alleging changed conditions and asking for the custody of said child. Ona Belle Hickey filed a plea of privilege alleging her residence to be in Tarrant County. W. C. Hickey filed a controverting affidavit thereto and sought to hold venue in Erath County on the grounds that the divorce having been granted in the District Court of that county, said court retained jurisdiction over the custody of the child, and further that Mrs. Hickey was not a resident of Tarrant County but, on the contrary, was a resident of Erath County.

A hearing was had upon the plea of privilege and at the conclusion thereof the court overruled the plea. Mrs. Hickey has duly appealed to this court.

█ The petition filed by Mr. Hickey, although designated a "motion to reform the judgment", was a new and independent suit. If Mrs. Hickey had established her home in Tarrant County prior to the filing of such petition, the plea of privilege should have been sustained. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016. It was not incumbent upon her to offer any evidence. The plea of privilege, as filed, made a prima facie case in her favor and had the effect of placing the burden of proof upon Mr. Hickey. The only issue in the case was in what county did Mrs. Hickey have her residence at the time Mr. Hickey filed the petition asking for a change of custody of the child. It developed upon the trial of the case that Mrs. Hickey married William Willingham the later part of October, 1946. The trial court filed findings of fact and conclusions of law. He took judicial notice of a judgment entered by him in the case of Hazel Willingham v. William Willingham on the 19th day of October, 1946, granting a divorce to the parties. He also took judicial notice that the petition filed in said cause alleged that William Willingham was

a resident of Erath County. The petition was not offered in evidence in the instant case. The trial court concluded that Mrs. Hickey, having married William Willingham and being his wife at all times since the later part of October, 1946, and the residence of William Willingham being in Erath County, because so alleged in the Willingham divorce suit, that the legal residence of Mrs. Hickey was also in Erath County. If there had been competent evidence in the record tending to show that William Willingham was a resident of Erath County, the conclusions of the trial court would have been correct.

However, the trial court was not authorized to take judicial notice of the record made in the Willingham divorce case. 17 Tex.Jur. Page 204. There is no evidence in this record showing or tending to show that William Willingham was a resident of Erath County other than a judgment granting a divorce to his former wife. This is not sufficient.

Mrs. Hickey testified that she moved from Stephenville to Fort Worth in May, 1946, and that she was, and had been for some time, residing there with her husband. Her evidence, in many particulars, was not convincing. The answers she gave to questions propounded to her by counsel were evasive and unsatisfactory. She testified that her husband was employed in Fort Worth but that she did not know by whom he was so employed. Before it was shown that she was married to William Willingham, she was asked if she knew him, she said she knew him when she saw him. Thereafter, she admitted he was her husband but she could not or at least she did not give the date or place of their marriage.

We feel that the case has not been fully developed and that the ends of justice will be better subserved if the cause is remanded for a new trial rather than rendered. London Terrace Inc. v. McAlister, 142 Tex. 608, 180 S.W.2d 619.

Judgment of the trial court is reversed and the cause is remanded for a new trial on the plea of privilege.