■ The remaining claim for reversal relates to jury misconduct.

In his motion for new trial appellant alleged, among other grounds, that the jury while deliberating their verdict was guilty of misconduct "3. In discussing the defendant's failure to testify in the face of the court's written admonition in his charge not to refer to his failure to testify."

The amended motion for new trial was not sworn to and there were no affidavits to support the above quoted allegation.

The trial court heard the testimony of Jurors Sietz and Yenny, who were called by appellant. Appellant complains that at the close of the hearing the trial judge should have permitted him to have subpoenas issued for the other 10 jurors so that the court could examine fully the question of the jury having discussed the failure of the defendant to testify presented by the testimony of the Juror Sietz

The testimony of the Juror Sietz does not show jury misconduct, and appellant does not so contend. At most, it shows the question was brought up why appellant did not testify and attention was called to the court's charge and there was no further discussion of the matter.

■■ We are unable to agree with appellant's contention that the trial court was in error in not permitting the other 10 jurors to be subpoenaed. It is well settled that the defendant is not entitled to a "fishing expedition" into supposed jury misconduct. Prince v. State, 158 Tex.Cr.R. 320, 254 S.W.2d 1006.

We need not here determine whether or not testimony of a juror at the hearing is available to the defendant to supply a defect in his pleading of jury misconduct.

■ The evidence is sufficient to sustain the jury's verdict and appellant appears to have received a fair and impartial trial on his plea of guilty.

The judgment is affirmed.

Charles Adam CRAVEN, Appellant,

v.

STATE of Texas, Appellee.

No. 33315.

Court of Criminal Appeals of Texas.

Oct. 11, 1961.

W. S. (Bill) Heatly, Jr., Paducah, Richard D. Bird, Childress (on appeal only), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $100.

Our able State's Attorney confesses error because the punishment is less than that required by the statute, and we agree. Gilliland v. State, Tex.Cr.App. 342 S.W.2d 327; Malone v. State, Tex.Cr.App., 328 S.W.2d 310; and Henderson v. State, Tex.Cr.App., 318 S.W.2d 898.

R. J. Balch, Seymour, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

The judgment is reversed and the cause is remanded.