Bruce Patrick **WILSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 687–82.

Court of Criminal Appeals of Texas, En Banc.

Sept. 26, 1984.

Ross Teter, Dallas, for appellant.

Henry Wade, Dist. Atty., and R. K. Weaver, Steve Wilensky and Robert Whaley, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Justice.

Bruce Patrick Wilson, appellant, was convicted by a jury in the trial court of attempted burglary and his punishment, enhanced, was assessed by the trial judge at life imprisonment. He appealed his conviction and sentence to the El Paso Court of Appeals. He asserted on appeal in one ground of error that one of the prior convictions that had been alleged for enhancement of punishment should not have been used to enhance his punishment to life imprisonment because it was based upon a void judgment and sentence.

The El Paso Court of Appeals, after it found that a variance existed between the alleged prior felony conviction that appellant had attacked in the trial court and on appeal and the proof adduced to support the allegation, affirmed appellant's conviction but remanded the cause to the trial court for reassessment of punishment. See *Wilson v. State*, 633 S.W.2d 952 (Tex. App.—El Paso 1982). The authority the court of appeals used was this Court's decision of *Aaron v. State*, 546 S.W.2d 277 (Tex.Cr.App.1976), in which this Court had held that a variance existed between the allegations and the proof, when an indictment alleges the offense of "attempted burglary," but the sentence reflects that the offense was "simple burglary."

We granted the State's petition for discretionary review, see *Todd v. State*, 661 S.W.2d 116 (Tex.Cr.App.1983), in order to make the determination whether this Court's decision of *Aaron v. State*, supra, is in conflict with this Court's recent deci-

sion of *Hall v. State*, 619 S.W.2d 156 (Tex. Cr.App.1980). The State urges in its petition that this Court should reconcile *Aaron* and *Hall* if it can, but if it finds that *Aaron* conflicts with *Hall*, then it should overrule *Aaron*.

We find that before we reach the issue that is before us, we must first discuss one other issue that is in the case, namely, the admissibility of the "Nunc Pro Tunc Order" that was presumably admitted into evidence pursuant to the provisions of Art. 3720, V.A.C.S.

The indictment in this cause alleges that appellant had been finally convicted of two prior felony convictions. Appellant pled "Not Guilty" to the primary charge and "Not True" to the enhancement allegations. The issue of the validity of the alleged prior felony conviction which appellant attached on appeal arose during appellant's trial when the prosecuting attorney made it known he was going to impeach appellant with it on cross-examination.

The judgment and sentence of the prior felony conviction that appellant attacks, which is in the record of appeal, reflects that appellant was previously convicted on December 19, 1974, of the offense of burglary of a habitation, "as charged in the indictment," and punishment was assessed at four (4) years' confinement in the penitentiary.

The offense of burglary of a habitation, however, is a first degree felony, see V.T. C.A., Penal Code, Section 30.02 (d), which at the time of appellant's conviction had a range of punishment of not less than 5 years nor more than 99 years' confinement or life imprisonment in the penitentiary and a fine of up to $10,000. See V.T.C.A., Penal Code, Section 12.32. Thus, the minimum possible punishment that could have been assessed by the trial judge for the offense of burglary of a habitation was 5 years' confinement in the penitentiary, not 4 years' confinement as the written judgment reflects, because this was below the minimum punishment permitted by law. The written sentence, which placed into execution the written judgment, tracks in all things the written judgment of the convicting court.

Although the record is not exactly clear how it occurred, nevertheless, the record reflects that during trial the State filed with the convicting court a motion to have the judgment and sentence corrected, "nunc pro tunc," after which a hearing was held and the presiding judge of the convicting court soon thereafter entered a "Nunc Pro Tunc Order."

The Latin phrase, "Nunc Pro Tunc," literally means "Now for then." It merely describes the inherent power that a court has to make its records speak the truth, i.e., to correct now what the record actually reflects had occurred at some time in the past. 964 *Black's Law Dictionary* (5th Edition).

■ However, judicial, as distinguished from clerical, errors may not be corrected by a nunc pro tunc judgment, and a motion for judgment nunc pro tunc, seeking to correct a judicial mistake as distinguished from a clerical mistake or omission, is not sufficient to constitute an equity proceeding in the nature of a bill of review. 33 *Tex.Jur.2d* Sec. 29.

■ Thus, before a judgment nunc pro tunc may be entered, there must be proof that the proposed judgment was therefore actually rendered or pronounced at an earlier time. 25 *Tex.Jur.3d* Sec. 3641. Other than his assertion that the judgment nunc pro tunc "is uncertified," appellant makes no attack on the sufficiency of the "Nunc Pro Tunc Order" that was signed by the presiding judge of the convicting court.

The record reflects that at the punishment stage of the trial, the trial judge, over objection, took "judicial notice" of the fact "that Judge Zimmerman [the presiding judge of the convicting court] has entered the order and his order is based on the testimony he heard. I will accept Judge Zimmerman's certification [sic] of that." Notwithstanding that there is not anything in this record, such as the docket sheet, the indictment, a transcription of the court reporter's notes, or the minutes of the court,

that would reflect what occurred in the past that causes the judgment and sentence that relates to the challenged prior felony conviction not to actually reflect what transpired at the time they were entered in the minutes of the trial court on December 19, 1974, if, either because of "judicial notice" or some other legal reason, the document was admissible evidence, it would cure the defect regarding the prior felony conviction which appellant complained of in the trial court and on appeal.

■ We also point out that we are not privy to what occurred at the hearing that occurred on the State's motion to correct the judgment and sentence, nunc pro tunc, because a transcription of that proceeding is not in this record of appeal. Interestingly, however, the "Nunc Pro Tunc Order" reflects the following: "The Court further finds that a correct judgment and sentence was *entered* by the trial court on December 19, 1974, but incorrectly *entered* in the minutes of the Court..." To read this portion of the order literally would allow for an unwarranted contradiction to take place. We do not do so because we find that it is obvious that the first "entered" should have instead been "rendered."

Since September 1, 1981, *a judgment in a criminal case* is a written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant. Art. 42.01, V.A.C.C.P. The judgment in a criminal case, whether the case involves a felony or a misdemeanor, must be entered of record. Art. 42.01, Sections 1 and 3, V.A.C.C.P.

However, prior to September 1, 1981, Art. 42.01, Section 1, supra, merely provided that "A 'judgment' [was] the declaration of the court entered of record..."

■ Thus, prior to the effective date of the amendment, the minutes of a court controlled over any written judgment. At that time, it was the trial court's duty to enter into its minutes a true record of the judgment that was rendered. "Entered of record," as applied to a judgment in a criminal case, means "entered in the min-

utes of the court." *Moore v. State*, 245 S.W.2d 491 (Tex.Cr.App.1952). The term "entered," as used in that instance, however, is not synonymous with the term "signed," but has a definite fixed legal meaning and refers to the ministerial act of the clerk in spreading the court's judgment in the minutes of the court. Thus, prior to the above amendment, the minutes of a court were the memoranda of what took place in court, made by authority of the court.

■ We conclude that the convicting court had the inherent power to correct its minutes to correctly reflect what the judgment of the court was, namely, that appellant had been convicted, not of the offense of burglary of a habitation, but, instead, had been convicted of the offense of burglary of a building. The offense of burglary of a building may be a lesser included offense of the offense of burglary of a habitation. *Jones v. State*, 532 S.W.2d 596 (Tex.Cr.App.1976).

However, and notwithstanding that we have found that the convicting court had the inherent power to correct its records relating to the complained of prior felony conviction, we must next decide whether the "Nunc Pro Tunc Order" that Judge Zimmerman purportedly signed was properly admitted into evidence at the punishment stage of the trial. We hold that it was not admissible evidence.

The record reflects that the prosecuting attorney, over objection, merely had the document marked and offered it into evidence. The trial judge then admitted it into evidence.

■ Under Art. 3720, V.A.C.S., a judicial record is self-proving provided that the requirements of the statute are satisfied. The statute provides: "Copies of the records and filed papers... [of] courts of this State, certified to under the hand, and the seal if there be one, of the lawful possessor of such records, should be admitted as evidence in all cases where the records themselves would be admissible." If, however, the conditions of the statute

are not satisfied, then the document represents nothing less than hearsay evidence, and, of course, hearsay evidence has no probative value. *Salas v. State*, 403 S.W.2d 440 (Tex.Cr.App.1966).

■■■ The record reflects that State's exhibit number 14A, which was the "Nunc Pro Tunc Order" purportedly signed by Judge Zimmerman, was, standing alone, hearsay evidence. However, Art. 3720, supra, creates a qualified exception to the hearsay rule of evidence. We find in this instance that the prosecuting attorney, prior to offering the exhibit into evidence, failed to satisfy the conditions of Art. 3720, supra, that would have permitted the admission into evidence of a copy of the original of the "Nunc Pro Tunc Order."

■■■ Authentication of an official record is the act or mode of giving authority or legal authenticity to a court's record, so as to render it legally admissible in evidence. Under the provisions of Art. 3720, supra, the authentication required of a certified copy of a court's record is the signature and seal of its lawful possessor. If the possessor or lawful custodian of the document certifies that the instrument is a true copy of the original on file in his office, then the document is admissible under Art. 3720, supra. Otherwise, such a document is hearsay and inadmissible evidence.

We observe that the involved exhibit does not bear either a clerk's file mark or a seal. Nor does the copy of the exhibit that was admitted into evidence that is in the record of appeal contain a certification by the lawful possessor of the original document. Thus, the provisions of Art. 3720, supra, were not complied with. The exhibit was not admissible pursuant to the provisions of Art. 3720, supra. Compare *Hartford Accident and Indemnity Company v. McCardell*, 369 S.W.2d 331, 337 (Tex.1963); *Phillips v. Houston*, 572 S.W.2d 797 (Tex. Civ.App.—Waco 1978) no writ history, in which it was held that an unattested and uncertified letter from the Industrial Accident Board was not admissible evidence under the provisions of Art. 3731a, Section 4, V.A.T.C.S.

Therefore, we hold that State's exhibit number 14a was hearsay and inadmissible evidence.

However, the trial judge, over objection, took judicial notice of the document. Was this permissible? Without reservation or hesitation, we answer the question with an unequivocal "NO."

The trial of this cause occurred in the 204th Judicial District Court of Dallas County. The "Nunc Pro Tunc Order" was purportedly signed by Judge Zimmerman, the presiding judge of the Criminal District Court No. 3 of Dallas County.

■■■ Of course, a trial court may take judicial notice of its own orders, records, and judgments rendered in cases involving the same subject matter and between practically the same parties. 1 Ray, *Texas Practice*, Sec. 186. However, one trial court generally lacks the power to take judicial notice of the records or documents that might be on file in another trial court. We have not found any exception to the general rule that would have allowed the trial judge in this instance to take judicial notice of whatever Judge Zimmerman, the presiding judge of another and the convicting court, might have done that related to a judgment and sentence that had previously been entered in the trial court over which he then presided.

In this regard, we observe that the Supreme Court of Texas, in *Culver v. Pickens*, 142 Tex. 87, 176 S.W.2d 167, 171 (1944), held the following: "While it is true that the court will take judicial knowledge of its own records, we know of no such rule which would authorize a district court or a court of civil appeals in passing upon a demurrer in a case like this to take judicial knowledge of the records of a probate court." Also see *Fikes Estate v. King Land and Cattle Corporation*, 438 S.W.2d 665 (Tex.Civ.App.—Ft. Worth 1969) error dismissed ("We cannot take judicial notice of evidentiary matters in our records upon the prior appeals of cases where the records therein were not from the same case.")

We believe that in this instance the action of the trial judge in taking judicial notice of what Judge Zimmerman might have done amounted to injecting into the case his personal knowledge, albeit based upon hearsay, as to what occurred in Judge Zimmermann's court, as well as what Judge Zimmerman purportedly did. "However, it is well settled that the scope of the exercise of the function of judicial notice is not coextensive with the personal knowledge of the individual judge. Personal knowledge is not judicial knowledge. The judge may personally know a fact of which he cannot take judicial notice. Contrariwise, he may be required to notice facts as to which he has no private knowledge * * * If the judge has personal knowledge of a fact not judicially known, the proper way to make use of it is for him to take the stand as a witness and testify to what he knows." McCormick and Ray, *Texas Law of Evidence*, 2d Ed., Vol. 1, at 172–173.

We hold that the trial judge erred in taking judicial notice of the "Nunc Pro Tunc Order" purportedly signed by Judge Zimmerman. Also see *Hickey v. Hickey*, 203 S.W.2d 568 (Tex.Civ.App.—Eastland 1947) No writ history.

We must now determine what the effect of our holding that State's exhibit number 14A was not properly admitted into evidence will be on this case. We find that such holding renders the judgment of conviction that pertains to the complained of prior conviction void.

It is now axiomatic that the punishment assessed must always be within the minimum and maximum fixed by law. When the punishment assessed is less than the minimum provided by law, this renders the judgment of conviction a nullity. *Gonzales v. State*, 527 S.W.2d 540 (Tex.Cr.App.1975); *Smith v. State*, 424 S.W.2d 228 (Tex.Cr. App.1968); *Clardy v. State*, 415 S.W.2d 423 (Tex.Cr.App.1967); *Gassoway v. State*, 385 S.W.2d 386 (Tex.Cr.App.1965); *Compian v. State*, 363 S.W.2d 468 (Tex.Cr.App. 1963); *Russell v. State*, 352 S.W.2d 746 (Tex.Cr.App.1962); *Craven v. State*, 350 S.W.2d 34 (Tex.Cr.App.1961); *Nichols v. State*, 344 S.W.2d 694 (Tex.Cr.App.1961); *Bradshaw v. State*, 331 S.W.2d 52 (Tex.Cr. App.1960).

As we previously pointed out, after appellant was convicted of committing the offense of burglary of a habitation in the alleged prior felony cause which he attacks in this cause, his punishment was assessed by the trial judge at four (4) years' confinement in the penitentiary. This was impermissible because the minimum punishment provided by law was five (5) years' confinement in the penitentiary. The judgment of conviction is void and should not have been used against appellant.

In light of what we have previously stated, we pretermit for another day a discussion of the issue whether *Hall v. State*, supra, conflicts with *Aaron v. State*, supra, and, if so, which one should be overruled.

For the above reasons, we agree with the result that the court of appeals reached; that the cause must be reversed and remanded to the trial court for reassessment of punishment. The cause is therefore reversed and remanded for a new punishment hearing only.

W.C. DAVIS, J., concurs in result.

MILLER, J., dissents.