# NO. 12-09-00030-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|                                         |   |                     |
|-----------------------------------------|---|---------------------|
| *IN RE: CHRISTOPHER IVORY,*             | § |                     |
| *RELATOR*                               | § | *ORIGINAL PROCEEDING* |
|                                         | § |                     |

## *MEMORANDUM OPINION*

In this original mandamus proceeding, Relator Christopher Ivory complains that the trial court granted his motion for judgment nunc pro tunc, but its subsequent order does not include the relief requested in his motion. Specifically, Relator alleges that the jury did not find facts supporting a deadly weapon finding, but the trial court included such a finding in its judgment. He further alleges that he filed his motion for judgment nunc pro tunc pointing out this discrepancy, and the trial court granted the motion, but its order granted additional jail time credit instead of deleting the deadly weapon finding in the judgment. Therefore, he concludes that, through confusion, the wrong language was included in the order and requests an order from this court requiring the trial court to forward to him "a true and certified copy of Nunc Pro Tunc."[1]

We review Relator's pro se petition for writ of mandamus with patience and liberality. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1993, orig. proceeding). In doing so, we note that a certified copy of the order signed by the trial court would provide Relator no relief from the deadly weapon finding in the judgment. Because Relator alleges that the trial court granted his motion for judgment nunc pro tunc, but ordered the wrong relief (additional jail time credit), we conclude that Relator is actually seeking an order from this court directing the trial court to sign a second judgment nunc pro tunc that does not include a deadly weapon finding.

---

[1] This is not the only conclusion that can be drawn from the facts alleged by Relator.

In a criminal case, mandamus relief is authorized only if the relator establishes that (1) he has no other adequate legal remedy and (2) under the facts and the law, the act sought to be compelled is purely ministerial. *State ex rel. Hill v. Fifth Court of Appeals*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). Moreover, a relator has the burden to provide a record establishing his right to mandamus relief. *See* TEX. R. APP. P. 52.3(j)(1)(A) (appendix to mandamus petition must contain a copy of any order complained of, or any other document showing the matter complained of); TEX. R. APP. P. 52.7(a)(1) (relator must file with the mandamus petition a copy of every document that is material to his claim for relief); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). Although Relator refers to the trial court's order as exhibit D in his mandamus petition, the exhibit is not attached. Further, Relator has furnished only a partial reporter's record, which includes a portion, but not all, of the trial court's comments upon the jury's return of its verdict. A partial reporter's record is insufficient for our review. *See Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984) (nunc pro tunc improper without proof that proposed judgment was actually rendered or pronounced at an earlier time). Because Relator's petition is not accompanied by a proper record, we are unable to evaluate the merits of his claim. Accordingly, Relator's petition for writ of mandamus is *denied*. *See* TEX. R. APP. P. 52.8(a).

    **BRIAN HOYLE**
Justice

Opinion delivered January 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2