Petition for Writ of Mandamus Dismissed
and Memorandum Opinion filed December 2, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-01109-CR

NO. 14-10-01110-CR

____________

 

IN RE QUINTON JAMOND HAYNES, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

174th District Court

Harris County, Texas

Trial Court Cause Nos. 970848 & 970849

 

 

 



M E M O R
A N D U M   O P I N I O N

            On November 10, 2010, relator Quinton Jamond Haynes filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code Ann. §
22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In two issues, relator
complains that both the Honorable George Godwin, presiding judge of the 174th District
Court of Harris County, and the clerk of the court have not performed their
ministerial duties related to the filing of his motion to enter a nunc pro tunc
order. 

            First,
relator complains that the trial court clerk has not filed his motion or
presented it to the trial court.  We lack jurisdiction to compel a trial court
clerk to act.  This court’s mandamus jurisdiction is governed by section 22.221
of the Texas Government Code.  Section 22.221 expressly limits the mandamus
jurisdiction of the courts of appeals to: (1) writs against a district court
judge or county court judge in the court of appeals' district, and (2) all
writs necessary to enforce the court of appeals' jurisdiction.  Tex. Gov’t Code
§ 22.221.  We have no jurisdiction to issue a writ of mandamus against a clerk
unless necessary to enforce our jurisdiction.  See In re Washington, 7
S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).  The
relief relator seeks does not impact our jurisdiction.  Accordingly, we dismiss
that portion of relator’s petition seeking issuance of a writ against the
district clerk. 

            Secondly, relator complains that the Honorable George Godwin
did not comply with his duty to respond to his motion within 20 days as
required by articles 4.04 and 11.07 of the Texas Code of Criminal Procedure.  In
2005, relator entered guilty pleas to two aggravated robbery offenses, and the
trial court sentenced him to confinement for forty years in each case, with the
sentences to be served concurrently.[1]
 Relator states that earlier this year, he filed a motion seeking entry of a
nunc pro tunc order correcting the judgments in his 2005 convictions to change
the offenses from aggravated robbery to robbery because the trial court did not
include affirmative findings of the use of a deadly weapon in the judgments 

A judgment nunc pro tunc is appropriate to correct clerical
errors when the court’s records do not mirror the judgment actually rendered.  Collins
v. State, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007).  A nunc pro tunc order
is not appropriate to correct judicial errors or omissions, however.  Ex
parte Poe, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988) (en banc).  Before a
judgment nunc pro tunc may be entered, there must be proof that the proposed
judgment was actually rendered or pronounced at an earlier time.  Wilson v.
State, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984).

The relief that relator seeks actually constitutes a post-conviction
challenge to his convictions.  In his motion, he asserted that he is guilty
only of lesser offenses, challenged the factual basis for the elements of the
offenses, and challenged the legality of his sentences.  Only the Texas Court
of Criminal Appeals has jurisdiction over matters related to post-conviction
relief from a final felony conviction.  See Ater v. Eighth Court of Appeals,
802 S.W.2d 241, 243 (Tex. 1991); see also Tex. Code Crim. Proc. Ann.
art. 11.07; Board of Pardons & Paroles ex rel. Keene v. Court of Appeals
for Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that
article 11.07 provides the exclusive means to challenge a final felony
conviction).  This court has no jurisdiction over that portion of relator’s
petition seeking issuance of a writ against the district court judge. 

Accordingly, we dismiss relator’s petition for writ of
mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Yates and Frost.

Do Not
Publish — Tex. R. App. P. 47.2(b).  









[1]  
This court affirmed relator’s convictions on
direct appeal.  See Haynes v. State, 14-05-00235-CR &
14-05-00236-CR, 2005 WL2431105 (Tex. App.—Houston [14th Dist.] Sept. 1, 2005,
pet. ref’d) (not designated for publication).