**Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 23, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00720-CR

---

### IN RE CEDRIC T. ROSS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1366682**

---

## MEMORANDUM OPINION

On September 5, 2014, relator Cedric T. Ross filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the presiding judge of the 262nd District Court of Harris County to correct a mistake in the court's judgment on a deadly weapon finding by way of a nunc pro tunc judgment.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The purpose of a nunc pro tunc judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record. *Blanton v. State*, 369 S.W.3d 894, 897−98 (Tex. Crim. App. 2012). The corrections must reflect the judgment that was actually rendered but that for some reason was not properly entered into the record at the time of the judgment. *Id.* at 898. Corrections to the record are limited to clerical errors and are not appropriate for errors involving judicial reasoning. *Collins v. State*, 240 S.W.3d 925, 929 (Tex. Crim. App. 2007). "Thus, before a judgment nunc pro tunc may be entered, there must be proof in the record that the proposed judgment was actually rendered or pronounced at an earlier time." *Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984). The classification of an error as clerical or judicial is a question of law. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988).

Relator claims that he only pleaded guilty to the charge of possession of marijuana, not to the use and exhibition of a deadly weapon, namely a firearm, and the judgment does not reflect what was originally pronounced in open court.[1] The plea documents in the record of the underlying proceeding, however, establish that

---

[1] Although relator did not include in the mandamus record a copy of his motion to enter judgment nunc pro tunc filed in the trial court, he has included the district clerk's form letter notifying him that the trial court denied his motion.

relator pleaded guilty to the use and/or exhibition of a deadly weapon, namely a firearm.[2]  No reporter's record was taken of the plea hearing and, therefore, there is nothing in the record to demonstrate a discrepancy between what was purportedly pronounced at the hearing and the trial court's judgment.  Therefore, relator has not shown that the trial court's finding that he used or exhibited a deadly weapon is a clerical error.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel Consists of Chief Justice Frost and Justices Christopher and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] Relator appealed his conviction to this court, which we dismissed because the trial court certified that this was a plea bargain case and appellant had no right to appeal.  *See Ross v. State*, No. 14-13-00645-CR, 2013 WL 5631242, at *1 (Tex. App.—Houston [14th Dist.] Oct. 15, 2013, no pet.) (mem. op., not designated for publication).