

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00149-CR

_____

RAYMOND EARL BARNETT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. 20922

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Raymond Earl Barnett appeals from the trial court's entry of a judgment nunc pro tunc. Barnett presents four points of error: 1) that the trial court erred by not granting him a complete new trial on count two of the indictment, charging indecency with a child by sexual contact; 2) that the trial court erred by not granting him a new sentencing hearing on count two of the indictment; 3) that the trial court erred in entering a judgment nunc pro tunc; and 4) that the trial court erred by entering a judgment nunc pro tunc in a felony case without Barnett being present. We find that Barnett failed to timely appeal his first and second points of error and, therefore, overrule those points of error. We find that Barnett's fourth point of error is legally flawed and overrule it. Finally, we find that the trial court erred in entering the judgment nunc pro tunc, and we vacate that judgment.

## I.    Procedural History

This case has a procedural history spanning more than eight years. Barnett was convicted of two counts of sexual assault of a child and one count of indecency with a child by sexual contact on October 13, 2005. He was sentenced to serve a term of seventy-five years' incarceration in the Texas Department of Criminal Justice Correctional Institutions Division on each count with the sentences running concurrently. On October 13, 2005, the trial court entered a single judgment of conviction covering all three counts. On direct appeal of his convictions, we reversed the two sexual assault convictions, finding that the evidence was factually insufficient. *Barnett v. State*,

2

No. 06-05-00281-CR, 2007 Tex. App. LEXIS 2724 (Tex. App.—Texarkana 2007, pet. ref'd.).[1] Because those convictions were reversed for factual insufficiency, we remanded the two sexual assault charges to the trial court for retrial.[2]

Barnett then filed a petition for review with the Texas Court of Criminal Appeals, which was denied on September 12, 2007. On October 23, 2007, we issued our mandate to the trial court. Subsequently, Barnett filed an application for a writ of habeas corpus with the Court of Criminal Appeals, which was denied on May 21, 2008. Barnett filed a second application for a writ of habeas corpus with the Court of Criminal Appeals, which was dismissed on March 18, 2009. Barnett then filed an application for a writ of habeas corpus with the Federal district court, which was denied on October 12, 2011. *Barnett v. Director, TDCJ-CID*, 2011 U.S. Dist. LEXIS 117647 (E.D. Tex. 2011). Accordingly, Barnett's conviction and seventy-five year sentence for indecency with a child by sexual contact became final.

Between 2011 and 2014, the State took no action to retry Barnett on the two sexual assault counts. Consequently, Barnett filed an application for writ of mandamus with us requesting us to direct the trial court to immediately conduct a new trial on the two counts of sexual assault of a child. In response to Barnett's application for a writ of mandamus, the State moved to dismiss the two sexual assault counts, and on July 30, 2014, the trial court granted the State's motion. In turn,

---

[1]Factual insufficiency review has since been abolished in criminal cases. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (holding that "legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt").

[2]When a case is reversed for factual insufficiency rather than legal insufficiency, the double jeopardy clause of the Fifth Amendment does not bar the State from retrial. *Tibbs v. Florida*, 457 U.S. 31, 42–43 n.19 (1982).

on August 12, 2014, we dismissed Barnett's application for a writ of mandamus as being moot. The trial court entered a judgment nunc pro tunc on July 29, 2014, reflecting that Barnett was convicted of the offense of indecency with a child by sexual contact, enhanced with prior convictions, and imposing a sentence of seventy-five years' incarceration with no fine, and Barnett filed this appeal.

## II. Appealability of Barnett's Points of Error

Rule 26.2 of the Texas Rules of Appellate Procedure provides that to perfect appeal in a criminal case, a defendant must file a notice of appeal,

(1) Within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or
(2) within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.

TEX. R. APP. P. 26.2. An appellate court lacks jurisdiction to hear an appeal in the absence of a timely notice of appeal. *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988). The clerk's record indicates that no motion for new trial was filed in this case. The record also reflects that the trial court entered its judgment on October 13, 2005, and the docket indicates that sentences were imposed by the trial court in open court on that same date. Accordingly, Barnett's window of opportunity to appeal anything related to his original convictions and sentences expired on November 12, 2005.

Of course, Barnett did timely file a notice of direct appeal from his original convictions and sentences on November 1, 2005, which was the subject of our opinion in *Barnett v. State*, No. 06-05-00281-CR, 2007 WL 1053379 (Tex. App.—Texarkana Apr. 10, 2007, pet. ref'd) (mem. op., not designated for publication). Accordingly, any substantive issues not raised in Barnett's

4

original appeal were waived. See TEX. R. APP. P. 38.1(h). Nevertheless, a judgment nunc pro tunc is appealable, and a defendant has the right to appeal from the entry of a judgment nunc pro tunc within the time limits established by Rule 26.2. *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2009). In this case, the judgment nunc pro tunc was entered on July 30, 2014, and Barnett filed his notice of appeal on August 20, 2014. Accordingly, Barnett's appeal of the judgment nunc pro tunc is timely. That said, the scope of an appeal from the entry of a nunc pro tunc judgment is limited.

A judgment nunc pro tunc may be entered only "to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record," and "[c]orrections to the record are limited to clerical errors and are not appropriate for errors involving judicial reasoning." *Id*. at 898. Consequently, the appeal of a judgment nunc pro tunc is limited to issues related to the clerical errors addressed therein; it does not provide the appellant an opportunity to raise issues relating to the original conviction and sentence. Barnett's first and second points of error do not address issues regarding entry of the judgment nunc pro tunc, but concern issues stemming from the original conviction and sentence. Accordingly, we overrule Barnett's first and second points of error.

## III.    Barnett's Challenge to the Judgment Nunc Pro Tunc

Barnett's third point of error challenges the entry of the judgment nunc pro tunc itself. Barnett asserts that the judgment nunc pro tunc "was not proper because it did not simply correct clerical errors, but instead entered a new judgment and sentence based upon changed circumstances." As noted above, judgments nunc pro tunc are entered to correct clerical errors,

5

not errors resulting from judicial reasoning. *Id.* at 904; *see also Ex parte Dropps*, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986). "The purpose of a *nunc pro tunc* order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time." *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). "The trial court cannot, through a judgment nunc pro tunc, change a court's records to reflect what it believes should have been done." *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). "Thus, before a judgment nunc pro tunc may be entered, there must be proof that the proposed judgment was actually rendered or pronounced at an earlier time." *Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984).

The trial court's nunc pro tunc judgment did not correct any clerical error in the court's original judgment. It is true that the nunc pro tunc judgment reflects a conviction on count two, which was also recited in the original judgment. However, the judgment nunc pro tunc's omission of convictions on counts one and three does not reflect the judgment "actually rendered or pronounced at an earlier time." *Id*. at 521. The court's original judgment "perfectly matches the judgment pronounced in open court," which was conviction on all three counts and concurrent seventy-five year sentences for each conviction. The judgment nunc pro tunc in this case seeks to memorialize events that occurred subsequent to rendering and entry of the original judgment. Accordingly, a judgment nunc pro tunc was not the proper procedure to update the status of Barnett's case after dismissal of the two counts alleging sexual assault of a child.[3] We sustain Barnett's third point of error.

---

[3]Article 42.09, § 8(j) of the Texas Code of Criminal Procedure states:

## IV. Barnett Has Failed to Show How he Was Harmed by Entry of the Judgment Nunc Pro Tunc in his Absence

In his fourth point of error, Barnett claims that the judgment nunc pro tunc should be set aside because the trial judge entered that judgment without Barnett being present. Yet, we have vacated the judgment nunc pro tunc by this opinion. Moreover, while we do not hold that Barnett's presence was required when the judgment nunc pro tunc was entered, Barnett has failed to demonstrate how he was harmed by entry of the judgment in his absence. *See McGinnis v. State*, 664 S.W.2d 769, 771 (Tex. App.—Amarillo 1983, no pet.) (defendant unable to show harm by trial court's entry of judgment nunc pro tunc outside his presence). Accordingly, we overrule Barnett's fourth point of error.

## V. Conclusion

For these reasons, we overrule Barnett's first, second, and fourth points of error. We sustain his third point of error and vacate the judgment nunc pro tunc.


Ralph K. Burgess
Justice


Date Submitted:      May 15, 2015
Date Decided:        July 24, 2015

Do Not Publish

---

If after a county transfers a defendant or inmate to the Texas Department of Criminal Justice, the charges on which the defendant or inmate was convicted and for which the defendant or inmate was transferred are dismissed, the county shall immediately notify an officer designated by the department of the dismissal.

TEX. CODE CRIM. PROC. ANN. art. 42.09, § 8(j) (West Supp. 2014).