Opinion filed October 15, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00271-CR

_____

## PHILLIP DEVON DEEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 9902-D**

## M E M O R A N D U M   O P I N I O N

Phillip Devon Deen appeals his jury conviction for the offense of possession of cocaine in an amount of less than one gram, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(b) (West 2010). The State alleged a prior conviction for aggravated robbery as an enhancement. *See* TEX. PENAL CODE ANN. § 12.35(c)(2)(A) (West Supp. 2014). Appellant pleaded "true" to the prior aggravated robbery conviction, and the trial court assessed his punishment at confinement for a term of four years in the Texas Department of

Criminal Justice, Institutional Division. Appellant raises four issues on appeal, challenging both his conviction and his punishment. We modify the judgment of conviction to correct an error concerning the level of the offense for which he was convicted. As modified, the judgment of conviction is affirmed. However, we reverse the judgment with respect to Appellant's punishment and remand for a new trial on punishment.

*Background Facts*

Chris Collins, a police officer with the Abilene Police Department, received an alert to look for a white Infinity with Louisiana license plates because of a suspicion that the driver was selling cocaine. Officer Collins located the vehicle, observed a traffic violation, and initiated a traffic stop. Appellant was the driver of the vehicle. Officer Collins spoke with Appellant, and based on that conversation and the information Officer Collins had received about Appellant, Officer Collins asked Appellant to exit the vehicle—whereupon Officer Collins handcuffed Appellant.

Officer Collins requested assistance from a K-9 officer, and Ismael Jaimes, a K-9 officer with the Abilene Police Department, arrived with his dog, Chavo, and conducted an open-air sniff around Appellant's vehicle with Chavo. Based upon Chavo giving a positive alert, Officer Jaimes and Chavo searched the inside of Appellant's vehicle. Officer Jaimes found a pill bottle inside the center console/armrest. The pill bottle contained four small rocks that the DPS chemist confirmed consisted of less than one gram of cocaine. Officer Collins questioned Appellant about what the officers had found in Appellant's vehicle without first telling him or showing him what they had found, and Appellant said that it was the "stuff I smoke," "crack." Appellant told Officer Collins that "four rocks" were located in the armrest. Officer Collins's dash-cam equipment recorded his conversation with Appellant.

## Issues on Appeal

In his first issue, Appellant alleges ineffective assistance of counsel. Appellant's first issue is comprised of six sub-issues. The first four sub-issues deal with counsel's performance during the guilt/innocence phase, and the last two sub-issues relate to the punishment phase. Appellant's second issue deals with the trial court's admission of evidence during the guilt/innocence phase. In his third issue, Appellant challenges his sentence based upon the contention that his prior conviction for aggravated robbery was void. In his fourth issue, Appellant asks for the judgment to reflect that the jury convicted him of a state jail felony rather than a third-degree felony.

## Ruling on Nonresponsive Objection

We begin our analysis by addressing Appellant's second issue because it concerns the guilt/innocence phase and is related to one of the sub-issues contained within his first issue alleging ineffective assistance of counsel. Appellant contends that the trial court erred when it overruled Appellant's "nonresponsive" objection to Officer Collins's testimony about Appellant being recently released from prison. The following dialogue occurred between defense counsel and Officer Collins during cross-examination:

Q. Okay. You talked to him for a little while and then he gets out of the car and you handcuff him?

A. That's correct.

Q. Is that normal procedure?

A. Based on the conversation we had and while I was standing at the vehicle, I placed him in handcuffs for my safety.

Q. Based on conversation you had. You've said that several times, but you're not telling us anything about what the conversation is that led you to believe that you had a reason to arrest him.

3

A. He told me his driver's license was suspended, that he wasn't supposed to be driving, and that he was just recently released from prison.

Q. Did he tell you -- did he tell -- let me back up.

[DEFENSE COUNSEL]: Your Honor, I'm going to have to object to the last thing he said about being -- about prison. I don't think that my question led to that. I'm asking him what he's based this on, and surely he didn't base it on that.

THE COURT: [Defense Counsel], I took the question to be what did he tell you, even though that wasn't the words -- you haven't told us what he said -- so your objection for nonresponsive is overruled. I believe the door was opened for that response.

[DEFENSE COUNSEL]: Okay.

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *See Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). A trial court abuses its discretion when it acts outside the zone of reasonable disagreement. *See Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). We conclude that the trial court did not abuse its discretion by overruling Appellant's "nonresponsive" objection because the officer's answer appeared to be responsive to trial counsel's question about the conversation that the officer had with Appellant that led to Appellant's arrest.

Moreover, a "'nonresponsive' objection alone, however, merely informs the trial court why the objection was not made prior to the answer being given." *Jackson v. State*, 889 S.W.2d 615, 617 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd) (quoting *Smith v. State*, 763 S.W.2d 836, 841 (Tex. App.—Dallas 1988, pet. ref'd)). Even after the "nonresponsive" portion of the objection is made, there remains the question of the testimony's admissibility. *Id.* In this context, in order

to properly exclude evidence or obtain an instruction to disregard, a party must address in its objection both the nonresponsiveness and the inadmissibility of the answer. *Id.* Furthermore, a blanket "nonresponsive" objection alone is an insufficient objection to preserve error where the response is a hybrid answer—that is, where a portion of the answer is objectionable and a portion of the answer is not objectionable. *Id.* Accordingly, trial counsel's objection solely on the basis that the officer's answer was not responsive did not present a valid basis for the trial court to exclude the officer's answer. We overrule Appellant's second issue.

*Ineffective Assistance of Counsel*

In his first issue, Appellant asserts ineffective assistance of counsel in six sub-issues. He contends that his trial counsel's performance was deficient because he (1) failed to object to the admissibility of Officer Collins's dash-cam video, (2) elicited testimony that police officers suspected Appellant of selling cocaine, (3) opened the door to the admissibility of Officer Collins's testimony that Appellant had recently been released from prison, (4) failed to request a jury instruction on extraneous offenses, (5) failed to object to an invalid conviction used to enhance punishment, and (6) failed to object to the prosecutor's questions at punishment that violated the attorney-client privilege. To determine whether Appellant's trial counsel rendered ineffective assistance, we must first determine whether Appellant has shown that his counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result of the proceeding would have been different but for his counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986).

We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action might be

considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). An allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). With respect to allegations of ineffective assistance of counsel, the record on direct appeal is generally undeveloped and rarely sufficient to overcome the presumption that trial counsel rendered effective assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 813–14. The Court of Criminal Appeals has said that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). If trial counsel did not have an opportunity to explain his actions, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). We note at the outset of our analysis that Appellant did not file a motion for new trial. Accordingly, the appellate record does not contain an explanation from trial counsel concerning his actions.

Appellant's first sub-issue concerns trial counsel's failure to object to the admissibility of Officer Collins's dash-cam video, specifically the audio portion of the recording. In order to prevail on this contention, Appellant must establish that the evidence was inadmissible because the failure to object to admissible evidence does not constitute ineffective assistance. *See Ex parte Jimenez*, 364 S.W.3d 866, 887 (Tex. Crim. App. 2012).

Appellant contends that the dash-cam video was inadmissible because the State could not establish the predicate for its admissibility. Article 38.22, section 3 of the Texas Code of Criminal Procedure requires that oral statements of an accused be electronically recorded by a device that can make an accurate recording. Tex.

CODE CRIM. PROC. ANN. art. 38.22 § 3(a) (West Supp. 2014). Appellant contends that the recording device was incapable of making an accurate recording because "the voices and the words within the recording were garbled and at points incomprehensible."

Officer Collins testified that his mobile video recording equipment was capable of making an accurate recording of his conversation with Appellant and that he had reviewed the video for accuracy. He explained, however, that the microphone attached to his chest was not working. Accordingly, there was no audio recorded for a large portion of Officer Collins's encounter with Appellant. The only functioning microphone was the one located in the backseat of Officer Collins's patrol car. Appellant's trial counsel did not object to the prosecutor's offer of a portion of the recording into evidence. The prosecutor then published approximately twenty-three minutes of the recording to the jury. The first several minutes of the recording did not contain any audio. Afterward, Officer Collins read Appellant his *Miranda*[1] rights and began questioning him. In response to Officer Collins's question about what would be found in Appellant's car, Appellant stated that the officers would find four rocks of "crack" in his car. After the recording was played for the jury, the prosecutor questioned Officer Collins about the recording as follows:

> Q. Officer Collins, it's difficult to understand, but initially after being read his rights, there was something about smoke. Do you recall what that question was?
>
> A. Yes, I asked him what we found in the vehicle, and he said, The stuff I smoke. And I asked him what he smokes, and he said, Crack.
>
> Q. And was he able to describe for you where it was located?

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

A. He said the crack was in the armrest, which is the same as the center console in that vehicle.

Q. Is that where it was found?

A. Yes.

Q. And was he able to describe for you how many crack rocks?

A. We asked him how much was in the car, and he said there was $40 worth. We asked him how much was -- you know, how many rocks were $40 worth, and he said there's four rocks.

As noted previously, Officer Collins testified that his video equipment was capable of making an accurate recording. Accordingly, Appellant's trial counsel may have concluded that this testimony was sufficient to establish the requisite predicate for the admissibility of the recording. To show ineffective assistance of counsel for the failure to object during trial, the appellant must show that the trial judge would have committed error in overruling the objection. *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004). The record does not establish that the trial court would have erred in overruling the predicate objection that Appellant contends should have been made. Accordingly, Appellant's trial counsel's failure to object to the recording's admissibility was not deficient.

Appellant asserts in his second sub-issue that trial counsel was ineffective when he elicited testimony from Officer Collins that officers suspected Appellant of being a drug dealer. Specifically, trial counsel asked Officer Collins why he was on the lookout for Appellant's vehicle, and Officer Collins responded that the driver of the vehicle was suspected of selling cocaine.

Evidence of other crimes, wrongs, or acts is inadmissible at the guilt/innocence phase of trial to show the accused's conformity with those other acts. TEX. R. EVID. 404(b); *Lockhart v. State*, 847 S.W.2d 568, 570 (Tex. Crim. App.

1992). Rule 404(b) incorporates the fundamental tenet of our criminal justice system that an accused may be tried only for the offense for which he is charged, not for his criminal propensities. *Rankin v. State*, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996). For an extraneous offense to be admissible, it must be relevant apart from supporting an inference of character conformity. *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991).

Appellant contends that there could have been no strategic reason for trial counsel to have questioned Officer Collins on the reason the police were interested in Appellant and his automobile. We disagree. It appears that trial counsel was attempting to establish that the officer's reason for stopping and arresting Appellant was pretextual in nature. Thus, trial counsel's questioning about the conversation that Officer Collins had with Appellant leading to Appellant's arrest may have been based on trial strategy. The record does not affirmatively demonstrate that trial counsel's question seeking to determine the officer's basis for stopping Appellant fell below an objective standard of reasonableness.

Appellant's third sub-issue alleging ineffective assistance of counsel is related to his second issue that we have already addressed. As noted above, the trial court concluded that "the door was opened" to Officer Collins's response that Appellant was recently released from prison. Appellant contends that trial counsel's alleged act of opening the door constituted ineffective assistance of counsel. We disagree.

An accused may make otherwise inadmissible evidence admissible by "opening the door" through questions that elicit testimony about extraneous offenses. *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). While the trial court ruled that "the door was opened" by trial counsel, the record does not demonstrate that counsel's conduct constituted ineffective assistance of counsel. As was the case with the second sub-issue, it appears that trial counsel was attempting to establish that the officer's reason for stopping and arresting Appellant was

9

pretextual in nature. Thus, trial counsel's questioning about the conversation that Officer Collins had with Appellant leading to Appellant's arrest may very well have been based on trial strategy. Accordingly, the record does not affirmatively demonstrate that trial counsel's questioning of Officer Collins was deficient.

Appellant's fourth sub-issue alleging ineffective assistance concerns trial counsel's failure to request a jury instruction limiting the jury's consideration of extraneous offenses. The Texas Court of Criminal Appeals has noted that trial counsel might deliberately forego a limiting instruction for extraneous offenses as a part of "trial strategy to minimize the jury's recollection of the unfavorable evidence." *Delgado v. State*, 235 S.W.3d 244, 250 (Tex. Crim. App. 2007) (quoting *United States v. Johnson*, 46 F.3d 1166, 1171 (D.C. Cir. 1995)). Without evidence in the record of trial counsel's strategy, we will not speculate why he did not request a limiting instruction.

In considering Appellant's first four sub-issues alleging ineffective assistance, we have determined that the performance of Appellant's trial counsel during the guilt/innocence phase did not fall below an objective standard of reasonableness. We additionally conclude that Appellant has failed to show there is a reasonable probability that, but for his counsel's alleged errors, the result of the proceeding would have been different. The evidence of Appellant's guilt was overwhelming in that he confessed on the recording to possession of the controlled substance.

Appellant's fifth and sixth sub-issues concern alleged instances of ineffective assistance of counsel occurring during the punishment phase. If Appellant were to prevail on either of these claims, he would be entitled to a new punishment hearing. CRIM. PROC. art. 44.29(b); *see Milburn v. State*, 15 S.W.3d 267, 271–72 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). As set forth below, we conclude that Appellant is entitled to a new trial on punishment with respect to his third issue. Accordingly, we need not address his fifth and sixth sub-issues concerning alleged

ineffective assistance of counsel during the punishment phase. We overrule Appellant's first issue alleging ineffective assistance of counsel.

*Illegal Sentence Based on Void Prior Conviction*

In his third issue, Appellant contends that his enhanced, four-year sentence of confinement for a state jail felony is illegal. The State relied upon Appellant's prior conviction for the first-degree felony offense of aggravated robbery to seek an enhanced sentence under Section 12.35(c)(2)(A) of the Penal Code. PENAL § 12.35(c)(2)(A). Appellant contends that this prior conviction was void and unavailable for enhancement purposes because his sentence of confinement for the first-degree felony was below the statutory minimum. We agree.

Possession of less than one gram of cocaine is a state jail felony offense punishable by confinement for any term of not more than two years or less than 180 days and a fine not to exceed $10,000. HEALTH & SAFETY §§ 481.102(3)(D), 481.115(b); PENAL § 12.35(a), (b). A state jail felony offense may be punishable as a third-degree felony offense by enhancement with a prior felony conviction for an offense listed in Section 3g(a)(1) of Article 42.12 of the Texas Code of Criminal Procedure. PENAL § 12.35(c)(2)(A); CRIM. PROC. art. 42.12, § 3g(a)(1). Aggravated robbery is an offense listed in Article 42.12, section 3g(a)(1). CRIM. PROC. art. 42.12, § 3g(a)(1)(F).

The indictment alleged that Appellant had previously been convicted of aggravated robbery in 2009. Aggravated robbery is a first-degree felony with a minimum sentence of confinement of five years. *See* PENAL §§ 12.32, 29.03(b) (West 2011). Appellant pleaded "true" to the prior conviction at the outset of the punishment hearing. The State offered a copy of the judgment from the 2009 conviction for aggravated robbery into evidence. The judgment indicates that Appellant was originally placed on deferred adjudication for a term of eight years but that the trial court subsequently entered a judgment adjudicating guilt on

August 27, 2009. However, Appellant was only sentenced to confinement for a term of four years.

Appellant's challenge to the enhancement allegation in this case constitutes a collateral attack on the prior judgment of conviction. *See Rhodes v. State*, 240 S.W.3d 882, 887 (Tex. Crim. App. 2007). Such a collateral attack is permitted only if the prior judgment is void, and not merely voidable. *Id.*; *see Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001) ("A void judgment is a 'nullity' and can be attacked at any time."). The Court of Criminal Appeals addressed an analogous situation in *Wilson v. State*, 677 S.W.2d 518 (Tex. Crim. App. 1984). In *Wilson*, the defendant's punishment was enhanced with a prior conviction for a first-degree felony. 677 S.W.2d at 520, 524. However, the defendant was only sentenced to confinement for a term of four years. *Id.* at 524. The court stated as follows: "It is now axiomatic that the punishment assessed must always be within the minimum and maximum fixed by law. When the punishment assessed is less than the minimum provided by law, this renders the judgment of conviction a nullity." *Id.* The court determined that the defendant's prior judgment of conviction was void and should not have been used against the defendant for enhancement purposes. *Id.*

The State contends that Appellant should be estopped from complaining that his prior sentence was too lenient because he enjoyed the benefits of a sentence that was below the statutory minimum. The State cites *Rhodes* in support of this proposition. We conclude that *Rhodes* is distinguishable from the facts in this case.

The defendant in *Rhodes* was serving time in the penitentiary when he escaped. *Rhodes*, 240 S.W.3d at 884. When recaptured, he was tried and convicted of escape and was sentenced to imprisonment for a term of ten years. *Id.* The trial judge did not expressly order the escape sentence to be served consecutively with the sentences the defendant was serving when he escaped as required by the Code of Criminal Procedure. *Id.*; *see* CRIM. PROC. art. 42.08(b). The defendant later

12

committed more felonies, and the State alleged the prior escape conviction for enhancement purposes. *Rhodes*, 240 S.W.3d at 884. The defendant objected to the use of the escape conviction for enhancement purposes, asserting that the judgment was void because the sentence was ordered to run concurrently with the sentences he was serving when he escaped. *Id.* The court concluded that the judgment for the escape conviction was not void because it could be reformed through a judgment nunc pro tunc to correct the error alleged by the defendant. *Id.* at 887–89. As noted by the court, a judgment of conviction is only void if "the infirmity cannot be cured without resort to resentencing." *Id.* at 888.

The court additionally stated in *Rhodes* that "[a] defendant who has enjoyed the benefits of an agreed judgment prescribing a too-lenient punishment should not be permitted to collaterally attack that judgment on a later date on the basis of the illegal leniency." *Id.* at 892. The court premised this conclusion on the principle of estoppel. *Id.* at 891–92. The record before the court in *Rhodes* did not show whether the concurrent serving of the sentence for the escape conviction was pursuant to a plea agreement. *Id.* at 886–87. Accordingly, the court did not rely upon estoppel grounds for its resolution in *Rhodes*.

The State concedes in this appeal "that there is insufficient documentation to show whether the prior conviction was a result of a plea-bargain agreement." Irrespective of this omission, the State contends that Appellant should still be estopped from attacking the prior conviction because he reaped the benefit of a sentence that was too lenient. In light of *Rhodes*'s requirement of a plea agreement before applying the estoppel doctrine, we decline the State's request to extend the estoppel doctrine in the absence of a plea agreement.

Under *Rhodes*, the controlling question as to whether Appellant may collaterally attack his prior judgment of conviction for aggravated robbery is whether it was void or voidable. The Texas Court of Criminal Appeals determined

13

in *Wilson* that a four-year sentence for a first-degree felony rendered the judgment of conviction void. *Wilson*, 677 S.W.2d at 524. *Rhodes* does not change this result because the infirmity with the judgment of conviction for aggravated robbery cannot be cured without resort to resentencing. *See Scott v. State*, 988 S.W.2d 947, 948 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (A judgment of conviction cannot be reformed by adding punishment.).

As noted previously, a state jail felony is only punishable by up to two years' confinement in state jail. PENAL § 12.35(a). Appellant was sentenced to a term of confinement for four years based upon the enhancement alleged under Section 12.35(c)(2)(A). Appellant's prior judgment of conviction for aggravated robbery was void and could not be used to enhance the punishment to that of a third-degree felony. Accordingly, we sustain Appellant's third issue. We reverse the trial court's judgment as to punishment, and we remand the cause to the trial court for a new punishment hearing. *See* CRIM. PROC. art. 44.29(b).

## Correction of Judgment

In his fourth issue, Appellant asserts that the trial court's judgment incorrectly shows that he was convicted of a third-degree felony. We agree. The jury actually convicted Appellant of a state jail felony offense. The enhancement only affected the applicable punishment range and not the degree of the offense for which he was convicted. *See* PENAL § 12.35(c) ("An individual *adjudged guilty of a state jail felony* shall be punished for a third degree felony if it is shown on the trial of the offense that . . . ." (emphasis added)). Accordingly, we sustain Appellant's fourth issue. We modify the trial court's judgment to correctly show that the jury convicted Appellant of a state jail felony offense. *See* TEX. R. APP. P. 43.2(b).

## This Court's Ruling

We modify the judgment of the trial court to reflect that Appellant was convicted of a state jail felony offense. As modified, the judgment of conviction is

affirmed. However, we reverse the trial court's judgment as to punishment and remand the cause for a new punishment hearing consistent with this opinion.

JOHN M. BAILEY

JUSTICE

October 15, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.